# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | 17 |
|---|---|---|---|
| CASE NUMBER | 01 C 7783 | DATE | 9/18/2002 |
| CASE TITLE | Beverly Spencer vs. Cheryl T. Thomas, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 19 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 SEP 19 PM 3:56 | | |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

DOCKETED
SEP 1 9 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEVERLY SPENCER, )
)
    Plaintiff, )
) No. 01 C 7783
v. )
) HONORABLE JOHN A. NORDBERG
CHERYL T. THOMAS, Chair, )
U.S. RAILROAD RETIREMENT BOARD, )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Beverly Spencer, proceeding pro se, filed this action against her former employer, Defendant U.S. Railroad Retirement Board. Plaintiff maintains that Defendant discriminated against her on account of her race, retaliated against her, conspired to deprive her of her civil rights, and obstructed justice. Before the court is the Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff worked for the Defendant from 1989 until her termination in December 1999. Her final two years of employment were tempestuous, and resulted in the filing of three EEO charges. The first was filed in June 1998, in which she asserted that Defendant discriminated against her based upon her race and disability. The second was filed in May 1999, alleging that her supervisor had retaliated against her based upon her earlier EEO charge and discriminated against her based on her race and sex. The third was filed in December 1999, and contested Plaintiff's termination as retaliatory and discriminatory. The right to sue letters for these

respective charges were issued on November 18, 1999, December 8, 1999, and August 30, 2001.[1]

On February 18, 2000, Plaintiff filed an action against Defendant before Judge Kennelly (case no. 00 cv 1020). In this action, Spencer maintained that Defendant had discriminated against her based upon her race and retaliated against her, by suspending her, failing to accommodate her health problems, and various other hostile actions by her supervisors. Judge Kennelly granted summary judgement to the Defendant. *See Spencer v. Thomas*, No. 00 cv 1020, 2001 WL 893846 (N.D. Ill. Aug. 2, 2001). In his opinion, Judge Kennelly noted that Spencer had been terminated, but was that Spencer was not challenging her termination in this lawsuit. *Id.* at *1, *3. The Seventh Circuit affirmed Judge Kennelly in an unpublished decision. *See Spencer v. Thomas*, No. 01-3112, 2002 WL 378179 (7th Cir. March 7, 2002). The Seventh Circuit also noted that Spencer was not challenging her termination. *Id.* at *2.

On October 9, 2001, Plaintiff filed the instant action in this court. Her amended complaint raises five claims: (1) conspiracy to deprive her of her civil rights; (2) retaliation; (3) racial discrimination; (4) obstruction of justice; and (5) misleading the court. Count IV is based on Defendant making allegedly false statements to the Department of Labor and the Office of Personnel Management to prevent Plaintiff from receiving benefits. Count V is based upon Defendant's position that this action is barred by res judicata. Her amended complaint recounts a litany of allegedly discriminatory and retaliatory conduct that took place between January 1998 and her eventual termination.

---

[1] The time lag for resolving the third charge was due to review of the termination before the U.S. Merit Systems Protection Board.

Defendant maintains that most of the claims are barred by res judicata and the remainder are not cognizable. Plaintiff maintains that her current action is based on her termination, the subject of her third EEOC charge, and that the prior action was based on her first two EEOC charges, which did not include her termination. Plaintiff argues that she could not have challenged her termination in the prior case because she had not yet received a right to sue letter.

## LEGAL STANDARDS

### Motion to Dismiss

Evaluating the legal sufficiency of a plaintiff's factual allegations requires the courts to adhere to a strict standard. A court may grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir.1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). When considering a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations in the complaint and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Cornfield v. Consolidated High School District No. 230*, 991 F.2d 1316, 1324 (7th Cir.1993). However, the court need not accept as true conclusory legal allegations. *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 730 (7th Cir.1994). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). All that F.R.C.P. Rule 8 requires to state a claim

in federal court "is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Company*, 168 F.3d 1039, 1041 (7th Cir. 1999) "Complaints need not plead law or match facts to every element of a legal theory...." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Moreover, more can be less under the Federal Rules of Civil Procedure; a litigant that includes details in his complaint well-beyond the limited requirements of Rule 8 may plead himself out of court. *Holman v. State of Indiana*, 211 F.3d 399, 406 (7th Cir. 2000), *cert. denied*, 121 S. Ct. 191(2000).

### Res Judicata

Res judicata, or claim preclusion, bars litigation of matters decided in a prior lawsuit and any matters that could have been raised in the prior lawsuit. *Golden v. Baronberg*, 53 F.3d 866, 869-70 (7th Cir. 1995). For res judicata to apply, three factors must be present: (1) an identity of the causes of action; (2) an identity of parties; and (3) a final judgment on the merits. *Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996). "A claim has 'identity' with a previously litigated matter if it emerges from the same 'core of operative facts' as that earlier action." *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338-9 (7th Cir. 1995)(internal cite omitted). "Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Id.* at 339.

Plaintiffs in discrimination actions have no immunity from res judicata. *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 225 (7th Cir. 1993). Time delays inherent in the EEOC administrative process do not warrant splitting causes of action into multiple lawsuits. *Id.* A litigant can seek to have the administrative process accelerated, reach an accord with the defendant to proceed in two suits, or file the lawsuit and ask the district court to stay the action

until the completion of the administrative process. *Id; Bethea v. Illinois State Police*, No. 01 cv 9518, 2002 WL 1592774, at * 3- 4 (N.D. Ill. July 19, 2002). *See also Brzostowski*, 49 F.3d at 339.

## DISCUSSION

This case is unusual. All the alleged discriminatory and retaliatory acts that Plaintiff complains of, including her termination, occurred before Plaintiff filed her first lawsuit before Judge Kennelly. The analysis boils down to the degree of factual similarity between the claims in the two cases.

### Discrimination & Retaliation Claims

Defendant maintains that Plaintiff's instant claims are barred by res judicata, as they derive from the same core of operative facts as the action before Judge Kennelly and could have been raised in that first action. Plaintiff argues that she could not challenge her termination in the prior action without the right-to-sue letter and that this litigation and the prior litigation are based on factually distinct claims. In short, Plaintiff argues that this case focuses on her termination, while the prior case focused on everything but her termination. Neither party disputes that there are identical parties in both actions or that the prior action yielded a final decision. Thus we focus on whether there is an identity of causes of action between this case and its predecessor and whether this claim could have been brought in the prior case.

We are persuaded that the two cases have sufficient factual overlap that it can be fairly said that they emerge from the same core of operative facts. We note at the outset that Plaintiff's position has significant superficial appeal. Her termination was a different event than the other

acts she complained of in the prior action. Moreover, that an employer prevails over an employee in one discrimination lawsuit does not immunize future discriminatory acts by the employer from challenge in a court of law. However, Plaintiff, like any other plaintiff in these circumstances, would not just be presenting the fact she was terminated. Obviously that fact alone does not prove her case. Instead, she must present every fact from her employment history that she believes shows the termination was wrongful. Therein lies the problem. All this evidence was available in her first case, as she was terminated before that case was filed. This appears to demonstrate that the cases have a more than sufficient factual overlap for res judicata to apply. *See generally Brzostowski*, 49 F.3d 337, 338-9. Judicial economy is not served by allowing multiple lawsuits presenting essentially the same evidence to prove closely related claims. In addition to inefficiency, allowing Plaintiff to proceed in a new action after all her evidence had been heard in a prior case raises another difficulty. Collateral estoppel would bar the relitigation of any issues decided in the prior action.

Further, her termination could have been challenged in the previous lawsuit. Plaintiff could have sought to expedite the administrative process or sought a stay from Judge Kennelly until the right to sue letter for her final claim was received to allow all her claims to go forward in one action. *See generally Herrmann*, 999 F.2d at 225; *Bethea*, 2002 WL 1592774, at * 3- 4. *See also Brzostowski*, 49 F.3d at 339.

In addition, Plaintiff also alleges that Defendant denied her benefits under the Family and Medical Leave Act. It is not entirely clear from Plaintiff's pro se complaint whether she is presenting this allegation as an example of the discriminatory treatment that she received or seeking a recovery based on this provision. To the extent Plaintiff seeks to raise claims for denial

of benefits under the Family and Medical Leave Act, her claims are foreclosed by res judicata because they could have been raised in the prior action.

**Other Claims**

Plaintiff's other claims can be dispensed with in short order. As to Count I, Plaintiff maintains that Defendant conspired to deprive her of her civil rights. Such a conspiracy claim is not cognizable against the federal government. *See, e.g., Davis v. U.S. Department of Justice*, 204 F.3d 723 (7th Cir. 1999); *Benson v. United States*, 969 F.Supp. 1129 (N.D. Ill. 1997).

As to Count IV, Plaintiff claims that Defendant "obstructed justice" in making false statements to the Department of Labor and the Office of Personnel Management to prevent Plaintiff from receiving benefits. Count IV is duplicative of Counts II and III. This is not a separate claim — it is simply a collection of allegations purporting to demonstrate Defendant's racial/retaliatory animus towards Plaintiff. Further, as noted by Defendant, exclusive jurisdiction for making such benefits determinations lies with the Department of Labor rather than the courts. *See generally Ezekiel v. Michel*, 66 F.3d 894 (7th Cir. 1995).

As to Count V, "misleading the court," Plaintiff appears to be trying to create a cause of action against the Defendant based upon the Defendant's intention to file a motion to dismiss. Such a claim is frivolous. Federal Rule of Civil Procedure 12 specifically provides that a defendant can challenge a plaintiff's pleading. There is nothing wrongful about a litigant availing themselves of the Federal Rules of Civil Procedure. Further, if, in a particular case, a defendant files a frivolous motion to dismiss, a plaintiff's recourse is F.R.C.P. Rule 11. In this case, there is obviously nothing improper about Defendant's well-grounded motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.

ENTER:

JOHN A. NORDBERG
Senior United States District Judge

DATED: September 17, 2002